[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 2, 1999
Execution — Exemptions — Primary Residence Exemption Bars Enforcement But Not Imposition of a Judgment Lien.
Prejudgment Remedies — When Available — Homestead Exemption for Primary Residence Bars Enforcement But Not Imposition of a Judgment Lien. The statute adding a homestead exemption of up to $75,000 of the value of a defendant's primary residence to the list of items exempted from judicial execution on a debt, P.A. 93-301, CGS § 52-352b, DOES not bar the imposition of a judgment lien but rather only bars execution on the lien.
On July 1, 1999 judgment was rendered in favor of the plaintiff after trial in the amount of $39,397.79. On July 6, 1999 the plaintiff filed a judgment lien against the real property of the defendants. On August 5, 1999 the defendants filed a motion which is the subject of this memorandum, requesting that the plaintiff be ordered to release the judgment lien. On August 30, 1999 a hearing on the motion was held at which time the parties agreed to the submission to the court of an appraisal on the real estate that was liened as well as the letter and loan summary regarding two mortgages on the property. The legal issue raised by the defendants' motion is whether General Statutes § 52-352b prohibits the filing of a judgment lien on real estate when there is less than $75,000 in equity.
The court finds the following additional facts. The fair market value of the real estate is $130,000.00. The property is subject to a first mortgage in the amount of $43,706.16 and a second mortgage in the amount of $23,619.29. Thus the defendants' equity in the property is $62,674.55 before taking into account the judgment lien. For purposes of this motion it is assumed that the residence that has been liened by the plaintiff qualifies as a "homestead."
This question was raised in L. Suzio Asphalt Company, Inc. v.Ferreira Construction Corp., Superior Court judicial district of CT Page 13318 New Haven at New Haven, docket no. 351912, (December 13, 1993) (DeMayo, J.) (10 CONN. L. RPTR. 264). In that decision the court reviews the legislative history of Public Act No. 93-301, Section 1(c) (1993), citing the comments of Representatives Varese and Farr, id. 265. This court concurs with the findings of that court that the legislature intended that the homestead exemption would allow the placement of the lien on the homestead but would prohibit the enforcement of the lien for the purpose of debt collection. The motion is denied.
ZARELLA, JUDGE